UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JENNIFER SMITH,

                         Plaintiff,

      v.

BANK OF AMERICA, CORP., and BANK OF AMERICA, N.A.,

                         Defendants.

---------------------------------------------------------X

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ DEC 30 2011 BROOKLYN OFFICE

Index No. 11-6368

CLASS ACTION COMPLAINT

JURY TRIAL DEMAND

WEINSTEIN, J.

MANN, M.J.

Jennifer Smith ("Ms. Smith" or "Plaintiff"), on behalf of herself and all similarly situated persons, by and through her undersigned counsel, as and for her Class Action Complaint in this action against Defendants Bank of America, Corp., ("BAC") and Bank of America, N.A., (collectively, the "Defendants" or "Bank of America"), states and alleges as follows:

### NATURE OF THE CLAIMS

1. Bank of America, one of the largest banks in the country, unlawfully discriminates against applicants and employees based on: (1) their arrest record, even where the criminal charges were terminated in the applicant or employee's favor and/or (2) their criminal history, even where such history has no relationship to the employment and would not involve an unreasonable risk to property or to the safety of others ("the Policy"). The Policy has had the effect of limiting and/or destroying the careers of, upon information and belief, hundreds, if not thousands, of applicants and employees. The acts of discrimination committed by Bank of America are neither isolated nor exceptions, but are rather the regular, predictable and intended result of its policies and practices. Furthermore, these policies and practices are plainly in violation of the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL").

2. Plaintiff brings this action on her own behalf and on behalf of all similarly situated persons who have (1) applied for employment, or (2) been employed by Bank of America in New York State. This action is brought to challenge Defendants' unlawful and discriminatory employment practices; specifically, Bank of America's policy and practice of taking adverse actions against applicants and employees in violation of the NYSHRL.

3. Under the NYSHRL, an employer is prohibited from taking an adverse employment action against an applicant or employee who (1) has been arrested, if prior to the adverse decision all charges were terminated in his or her favor, or (2) has been convicted of a crime, unless (a) there is a direct relationship between the crime and employment or (b) continued employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

4. This class action is an action for declaratory and injunctive relief, monetary and compensatory damages, and other relief.

5. Defendants' unlawful conduct has caused and continues to cause Ms. Smith and similarly situated persons to suffer substantial economic and non-economic damages, permanent harm to their professional and personal reputations, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1332(d) because (1) Plaintiff is a citizen of New York, whereas Defendants are incorporated in Delaware and headquartered in North Carolina, where they both maintain their principal place of business, (2) the aggregate amount in controversy exceeds the sum or value of $5,000,000, and (3) upon information and belief, there are at least 100 members of the proposed class. Indeed, as

of December 27, 2011, there were approximately 120 open employment positions in New York State advertised on Bank of America's website. Nearly 100 of these positions were posted in December, 2011. Therefore, it is likely that thousands of employment positions have been filled in New York, by Bank of America, since December 30, 2008. Upon information and belief, dozens, if not hundreds, of applicants applied for each open position.

7. Alternatively and independently, the Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1332(a) because (1) Plaintiff is a citizen of New York, whereas Defendants are incorporated in Delaware and headquartered in North Carolina, where they both maintain their principal places of business, and (2) each member of the Plaintiff class brings a claim in which the amount of controversy exceeds the sum of value of $75,000.

8. Alternatively and independently, the Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. §§ 1332(a) and 1367 because (1) Plaintiff is a citizen of New York, whereas Defendants are incorporated in Delaware and headquartered in North Carolina, where they both maintain their principal place of business, and (2) Plaintiff brings a claim in which the amount of controversy exceeds the sum of value of $75,000 and (3) class members' claims are so related to those of Plaintiff that they form part of the same case or controversy.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district and Defendants reside in this judicial district.

## PARTIES

10. Plaintiff and Class Representative Jennifer Smith (formerly Jennifer McDowell), is a resident of Nassau County, New York, and worked as a temporary employee at Bank of America's Melville, New York office from approximately February, 2009 to September, 2011. On September 9, 2011, she was offered the position of Mortgage Loans Coordinator in Bank of

America's Melville, New York office (in Suffolk County). On September 16, 2011, this offer was unlawfully revoked, and Bank of America refused to hire Ms. Smith within the meaning of the NYSHRL.

11. Defendant BAC is a Delaware Corporation headquartered in Charlotte, North Carolina, and is a worldwide financial services organization with business groups offering wealth management, investment banking, private banking, securities and asset management services throughout the United States. BAC conducts its operations through its bank and non-bank subsidiaries operating in 30 states, including in New York State. Upon information and belief, BAC employs approximately 260,000 people.

12. Defendant Bank of America, N.A. is a nationally chartered bank and one of two banking subsidiaries of BAC.

13. At all relevant times, Bank of America has met the definition of an "employer" under all applicable statutes. Bank of America refused to hire Ms. Smith, and took adverse employment actions against the prospective class members, within the meaning of all relevant statutes.

## CLASS ACTION ALLEGATIONS

14. This action is brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23. Defendants' policy and practice of taking adverse employment actions against applicants and employees based the Policy has affected the entirety of the Class as defined and described below.

**A. Class Definition**

15. Plaintiff seeks to maintain claims on her own behalf and on behalf of a class of persons who (1) have applied for employment with, or were employed by, Defendants in New

4

York State, and (2) had an unlawful adverse employment action taken against them by Bank of America at any time between December 30, 2008 and the present (3) because of their arrest record and/or criminal history (the "Class" or "Class Members").

16. Plaintiff and the proposed Class have standing to seek such relief because of the adverse effect that Defendants' unlawful hiring policies and practices have had on them individually and generally.

17. The policies and practices described below reflect that discrimination is not unusual at Bank of America; rather, it is standard operating procedure.

### B. Numerosity and Impracticality of Joinder

18. The Class Members are sufficiently numerous to make joinder of all Members impracticable. While the exact number of Class Members is unknown because such information is in the exclusive control of the Defendants, upon information and belief there are hundreds, if not thousands, of applicants and former employees who have been the victim of an adverse employment decision taken by Bank of America, in violation of the NYSHRL, because of their criminal history.

19. Although the number of Class Members is incapable of precise determination at this time, it is significant and satisfies the numerosity requirement of FRCP 23(a).

### C. Common Questions of Law and Fact

20. The claims alleged on behalf of Plaintiff raise questions of law and fact common to the Class. Chief among these questions is whether Defendants (1) had a policy and practice of (2) unlawfully refusing to employ Plaintiff and the Class Members in violation of the NYSHRL (3) because they have been (a) arrested, even though all charges were terminated in their favor, or (b) convicted of a crime, where there is neither a direct relationship between the crime and

employment, nor would continued employment involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public..

21. Thus, the common question requirement of FRCP 23(a) is satisfied.

### D. Typicality of Claims and Relief Sought

22. Plaintiff is a Member of the Class that she seeks to represent. Plaintiff's claims are typical of the claims of the proposed Class in that they all arise from the same unlawful policies and practices of Bank of America, and are based on the legal theory that these policies and practices violate civil rights protected by the NYSHRL. Plaintiff and the Class Members all allege that they each were the victim of an unlawful adverse employment decision, made by Bank of America, because of their criminal history. The relief Plaintiff seeks for Defendants' unlawful policies and practices is typical of the relief which is sought on behalf of the Members of the proposed Class.

23. Thus, the typicality requirement of FRCP 23(a) is satisfied.

### E. Adequacy of Representation

24. Plaintiff's interests are co-extensive with those of the proposed Class Members she seeks to represent in this case. Plaintiff is willing and able to represent the proposed Class fairly and vigorously as she pursues her similar individual claims. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

25. The combined interests, experience and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in this case satisfy the adequacy of representation requirement of FRCP 23(a).

**F. Requirements of Rule 23(b)(1)**

26. Without Class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Specifically, all evidence of Bank of America's policies and practices, and the issue of whether they are in violation of the NYSHRL, would be exchanged and litigated repeatedly. Accordingly, certification of the proposed Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the proposed Class and Defendants.

27. By filing this Class Action Complaint, Plaintiff is preserving the rights of class members with respect to the statute of limitations on their claims. Therefore, not certifying a class would substantially impair and/or impede the other members' ability to protect their interests.

**G. Requirements of Rule 23(b)(2)**

28. Bank of America has acted on grounds, described herein, generally applicable to Plaintiff and the proposed Class by adopting and following systemic policies, practices and/or procedures that are discriminatory on the basis of criminal history and/or arrest record. These discriminatory acts are Bank of America's standard operating procedure. They are not sporadic or isolated, and support the request for final injunctive and declaratory relief with respect to Plaintiff and the Class as a whole.

29. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic discrimination against applicants and employees based on their arrest records.

30. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff and the Class members' entitlement to monetary and non-monetary remedies for individual losses caused by, and exemplary purposes necessitated by, such systemic discrimination.

31. Accordingly, injunctive and declaratory relief are the predominant relief sought in this case.

### H. Requirements of Rule 23(b)(3)

32. The common issues of fact and law affecting Plaintiff's claims and those of the proposed Class, including, but not limited to, the common issues identified in the paragraphs above, predominate over and issues affecting only individual claims.

33. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the proposed Class.

34. The cost of proving Bank of America's pattern and practice of discrimination makes it impracticable for the members of the proposed Class to pursue their claims individually.

35. The class action will not be difficult to manage for reasons including, but not limited to, the geographic proximity of all Class Members (they must have been working in New York State), as well as the common questions of law and fact described above.

## INDIVIDUAL PLAINTIFF'S FACTUAL ALLEGATIONS

### A. Ms. Smith's Experience with Bank of America

36. Plaintiff Jennifer Smith ("Ms. Smith") (formerly Jennifer McDowell), worked as a temporary employee for Bank of America from approximately February, 2009 to September, 2011. Her last position as a temporary employee was that of a Mortgage Coordinator. In this position, Ms. Smith assisted in loan production by strengthening Bank of America's customer relations, ensuring that the proper paperwork is processed correctly and "locking" loans, among other things.

37. As a temporary employee of Bank of America, Ms. Smith worked tirelessly, contributed consistently and positively, and was praised by her supervisors on a regular basis.

38. Indeed, Ms. Smith was such a good performer that she was spared several rounds of layoffs of the Company's temporary staff. Ultimately, Ms. Smith was one of the very last temporary workers on Bank of America's staff.

39. Ms. Smith was highly encouraged by her supervisor to apply for a regular, full-time job as a Mortgage Loans Coordinator.

40. Before doing so, Ms. Smith conscientiously informed her supervisor that she had been charged with shoplifting in April, 2010. She was upfront and honest about this fact in order to ensure that Bank of America would not view this information as an impediment to her employment as a regular employee.

41. Ms. Smith also informed her supervisor that the charge against her was no longer pending, and had been completely dismissed after an adjournment in contemplation of dismissal ("ACD").

42. Ms. Smith's supervisor, who consistently commended her outstanding performance, assured her that the incident would not be an obstacle to her employment. Indeed, Ms. Smith's supervisor again urged her to apply for the Mortgage Loans Coordinator position.

43. On or around September 9, 2011, Ms. Smith was offered the position of Mortgage Loans Coordinator with Bank of America, proving that she was qualified for the position.

44. The Company sent a congratulatory email to Ms. Smith, as well as a document describing the terms and conditions of her offer of employment.

45. Ms. Smith signed and accepted this offer on or around September 9, 2011, and her start date was set for September 26, 2011.

46. However, on or around September 16, Ms. Smith received a letter from Bank of America's Criminal Screening Investigative Services Regional Manager. The letter explained that based on information obtained from an FBI Criminal History Record, Bank of America would be "unable to consider [Ms. Smith] for employment."

47. The FBI Criminal History Record, attached to the letter sent by Bank of America, documented that Ms. Smith had been arrested and charged with Petit Larceny on April 4, 2010. Significantly, the FBI Criminal History Record contained no other arrest, charge, conviction, or violation of any law.

48. The letter also explained that Ms. Smith could appeal the decision if she felt that the information contained in the FBI Criminal History Record was inaccurate.

49. Ms. Smith promptly appealed this adverse decision and action, and explained that the charge against her had been entirely dismissed, as a result of a prior adjournment in contemplation of dismissal, on July 21, 2011. Ms. Smith also provided documentation of the dismissal and correspondence from her attorney confirming the disposition of the charge.

50. On or around September 27, 2011, the Company informed Ms. Smith that it would not even consider her appeal because no new information had been provided. In this letter, Bank of America specifically admitted that the dismissal of the charges stemming from the April, 2010 arrest already had been considered by the Company. Thus, Bank of America had knowledge of all of the relevant facts when making its unlawful and discriminatory decision to deny employment to Ms. Smith.

51. As a direct and proximate result of Bank of America's unlawful refusal to hire Ms. Smith, she has suffered damages in excess of $75,000.

### B. Bank of America's Policy and Practice

52. The actions taken against Ms. Smith by Bank of America are sadly typical due to Defendants' policy and practice of refusing employment to persons based on their arrest record and/or criminal history. This policy and practice is evidenced by the September 16 and September 27, 2011 letters from Bank of America to Ms. Smith, both of which expressly state that Ms. Smith's dismissed charge was the reason that her offer of employment was revoked.

53. Bank of America's unlawful policy and practice is further evidenced by statements of an employee in Bank of America's "Corporate Security" division, who informed Ms. Smith that: (1) Bank of America has a policy of not hiring persons who have been arrested within the past five years, and (2) explained to Ms. Smith that the Company follows certain guidelines in dealing with appeals respecting adverse employment actions taken due to a person's criminal history. However, this Bank of America employee refused to provide these guidelines to Ms. Smith, and explained that the guidelines are not provided to anybody.

54. Finally, Bank of America is widely known, according to published reports and investigations by nonprofit organizations, to (1) impose overbroad background checks, (2) refuse to consider applicants due to their criminal record, and (3) refuse to consider candidates who have been convicted of crimes without regard to the nature of the crime of the timing of the conviction.

55. As a direct and proximate result of Defendants' misconduct, Ms. Smith has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation and benefits, for which she is entitled to an award of damages.

56. As a direct and proximate result of Defendants' misconduct, Ms. Smith has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering, for which she is entitled to an award of damages.

57. As a direct and proximate result of Bank of America's unlawful refusal to employ the Class Members, they have suffered damages in excess of $5,000,000.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination in Violation of NYSHRL)

58. Plaintiff hereby repeats and re-alleges each and every allegation contained in each of the preceding paragraphs as if fully set forth herein.

59. Defendants have discriminated against Plaintiff and the Members of the prospective Class, in violation of the NYSHRL, by taking unlawful and discriminatory adverse employment actions against them because of their arrest record and/or criminal history.

60. As a direct and proximate result of Defendants' discriminatory conduct in violation of the NYSHRL, Plaintiff and each Class Member has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation and benefits, for which each is entitled to an award of monetary damages and other relief.

61. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff and each Class Member has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

emotional pain and suffering, as well as physical injury, for which each is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and the behalf of the Members of the proposed Class she seeks to represent, requests the following relief:

A.   Certification of the case as a class action maintainable under FRCP 23, on behalf of the proposed Class Members;

B.   Designation of Plaintiff as representative of this Class;

C.   Designation of Plaintiff's counsel of record as Class counsel;

D.   A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York;

E.   An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any further unlawful discriminatory conduct, including the policies and practices complained of herein;

F.   An order directing Defendants to place Plaintiff and the Class Members in the position they would have occupied but for Defendants' discriminatory treatment, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the lives of Plaintiff and the Class Members;

G.  An award of damages against Defendants, or any jointly and severally liable entity or person, in an amount to be determined at trial plus prejudgment interest, to compensate Plaintiff and the Members of the proposed Class for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, overtime pay, compensation and other benefits of employment;

H.  An award of damages against Defendants, or any jointly and severally liable entity or person, in an amount to be determined at trial plus prejudgment interest, to compensate Plaintiff and the Members of the proposed Class for severe mental anguish and emotional distress, including, but not limited to, humiliation, depression embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering;

I.  An award of costs and expenses, as well as reasonable attorneys' fees, that Plaintiff and the Members of the proposed Class incur in this action, to the fullest extent permitted by law, including, but not limited to, an award in accordance with FRCP 23(h) and the common-fund theory;

J.  An award of damages for any and all other monetary and/or non-monetary losses, including, but not limited to, loss of income, earned bonus pay and reputational harm, suffered by Plaintiff and the Members of the proposed Class in an amount to be determined;

K.  Prejudgment interest on all amounts due; and

L.  Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York  Respectfully submitted,
December 30, 2011

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
Lawrence M. Pearson
85 Fifth Avenue
New York, NY 10003
(212) 257-6800 (Main)
(212) 257-6845 (Fax)

COUNSEL FOR PLAINTIFF
JENNIFER SMITH